*1048 Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 17, 2012, which ruled that claimant’s request for a hearing was untimely.
The Department of Labor issued a determination on April 21, 2005 finding claimant ineligible for unemployment insurance benefits between March 2004 and May 2004 on various grounds. Claimant was also charged with an overpayment totaling $9,240 and his right to receive future benefits was reduced for having made willful misrepresentations to obtain benefits. Claimant was thereafter criminally prosecuted for the portion of benefits he was determined to have collected while he was actually employed. The prosecution resulted in claimant pleading guilty in 2005 to attempted grand larceny in the fourth degree, for which he was sentenced to one year in jail and ordered to pay $4,830 in restitution (see People v Yamamura, 45 AD3d 1355 [2007], lv denied 9 NY3d 1040 [2008]). In 2010, claimant requested a hearing in order to challenge the remaining amount of overpayments assessed in the 2005 determination. The Unemployment Insurance Appeal Board found that the request for a hearing was untimely and this appeal ensued.
We affirm. “Labor Law § 620 . . . provides that a claimant who is dissatisfied with an initial determination concerning unemployment insurance benefits has 30 days from the date of said determination in which to request a hearing, unless prevented from doing so by physical or mental incapacity” (Matter of Alsina [Commissioner of Labor], 98 AD3d 1173, 1173 [2012] [citations omitted]; see Matter of Randell [Commissioner of Labor], 105 AD3d 1243, 1243 [2013]). Here, claimant did not request a hearing until five years after the Department mailed the determination. Although claimant contends that he never received the determination in the mail, the record reflects that it was mailed to the address that claimant had provided to the Department two weeks prior to the mailing, and a Department representative testified that the mailing was not returned as undeliverable. To the extent that claimant argues it was sent to an address where he no longer resided, it was claimant’s responsibility to provide the Department with a change of address (see Matter of Jefferson [City of New York — Commissioner of Labor], 16 AD3d 759, 760 [2005]). Moreover, claimant testified that it was possible that he had, in fact, received the determination in April 2005. Inasmuch as claimant made his request well beyond the 30-day time period and did not provide a reasonable excuse for failing to timely request a hearing, we find no reason to disturb the Board’s decision (see Matter of Randell *1049 [Commissioner of Labor], 105 AD3d at 1243-1244; Matter of Desani [Commissioner of Labor], 78 AD3d 1403, 1403 [2010]).
Peters, EJ., Spain, Garry and Egan Jr., JJ, concur. Ordered that the decision is affirmed, without costs.